WILLIAM BIRDSALL v. FANNIE JOHNSON, GEORGE JOHNSON, FREDERICK A. JOHNSON, BERTHA JOHNSON AND LUTHER JOHNSON.

*Conflict of conveyances—Laches.*

A deed from a father to his minor son was left unrecorded for some months, but was finally taken by the son from a trunk where it was kept, and recorded. Afterwards the father conveyed a tract including the parcel covered by the son's deed, to another person who had notice of the prior conveyance within three years afterwards, but beyond beginning an action of ejectment five years later, and suffering nonsuit, took no steps to clear his title until twenty-four years had gone by from the date of his own deed, and the prior grantee had died. He then entered the land and being sued in trespass filed a bill to enjoin the action and to clear his title. *Held*, that the bill was properly dismissed. It was not likely that the son would have fraudulently recorded his deed, as the wrong could be easily found out, nor that the other grantee would have neglected when the facts were recent to seek a remedy if he was entitled to it. The latter's long unexplained delay and acquiescence would have cut off any equities he might have had, so that both at law and in equity he would have had no claim for redress.

Appeal from Kent. Submitted June 11. Decided June 23.

INJUNCTION to restrain action of trespass. Bill dismissed. Complainant appeals. Affirmed.

*Taylor & Eddy* for complainant. Where a deed remains in the grantor's custody with a condition or qualification, the estate remains in him: 4 Kent's Com. 544–7; *Parker v. Parker* 1 Gray 409; *Jackson v. Dunlap* 1 Johns. Cas. 114; *Jacobs v. Alexander* 19 Barb. 243; a promise of a deed does not amount to delivery: 2 Washb. R. P. (2d ed.) 603–4; *Hadlock v. Hadlock* 22 Ill. 384; *Young v. Young* 23 Alb. L. J. 395, 1880; the grantor must part with possession and control and with the right to recall it: *Cook v. Brown* 34 N. H. 460; *Johnson v. Farley* 45 N. H. 510.

*Foote & Wanty*, for defendants, cited as to the delivery of the deed: *Bryan v. Walsh* 2 Gilm. 557; *Walker v. Walker* 42 Ill. 311; the right to enforce an equity may be lost by unreasonable delays: *Russell v. Miller* 26 Mich. 22; *Mc-Lean v. Barton* Har. Ch. 279; *Campau v. Van Dyke* 15 Mich. 381; *Craig v. Bradley* 26 Mich. 354.

CAMPBELL, J. The bill in this cause was filed to stay a trespass suit and remove a cloud upon title. Birdsall in 1855 purchased from one Minor T. Johnson an eighty acre lot in Kent county, being the north ½ of the south-east ¼ of section 8 in town 8 north of range 12 west. When he bought, a deed was on record of the north forty acres of this tract, made in May, 1854, by Minor T. Johnson to his son James E. Johnson, who was then under age, and about sixteen or seventeen years old. This deed was recorded October 2, 1854.

It is claimed by complainant that this latter deed was never delivered, and was put on record fraudulently.

The testimony shows that on getting his deed from the original purchasers, under which he secured his own patent

from the State, Minor T. Johnson had this deed to his son drawn up and executed, and expressed to others his intent to give him the land.   On his return to his house he openly showed the deed to his son and told him either that he should have it as soon as he was able to take care of it, or as soon as he got money enough to record it.   He then put it in a trunk which was not kept locked, and where miscellaneous letters and papers were kept, with other documents.   The son in October took it and had it recorded.

Birdsall claims he did not discover or know of the record, although he searched and inquired.   It appears, however, that in 1857, and perhaps earlier, he tried to sell the land and the intended purchaser would not buy because the deed to James was on record.   In 1862, Birdsall began an action of eject-ment for the land, but submitted to a nonsuit the next year.

The land was from the beginning assessed to James John-son, and he paid the taxes except in 1862 when he was in the army, and when, it is assumed, Birdsall paid them.   Birdsall claims that James paid them early so as to anticipate him.

In November, 1878, James died, leaving four children, all under twelve years old.   The next spring, April 8, 1879, Birdsall went upon the land and a suit in trespass was begun against him on behalf of the children on the 23d of April. On the 10th of May, 1879, this bill was filed, and an injunc-tion granted which was afterwards dissolved.   Proofs were taken and the bill dismissed.   Birdsall appeals.

We think the evidence predominates in favor of the title of James E. Johnson.   His father shows that he meant his son to have the deed whenever he chose, and the other testimony indicates that there was no secret made about the intent to give him the land.   It is not at all likely that a young lad would undertake to commit a fraud which would be so readily found out, and it is less likely that Birdsall would submit to losing his land and fail to file a bill when he discovered it, and when all the facts were fresh.   He had actual and not merely constructive notice within a year or two after his pur-chase, but took no steps until James had gone to the front with the army, and discontinued those proceedings without

going to trial. He then did nothing, and seems to have made no claim, until he had no one to contend with but minor children.

In our opinion the deed was valid and vested title in James E. Johnson. We are also of opinion that the long and unexplained delay and acquiescence of Birdsall would cut off any equities if he had them, and that he has neither a legal nor an equitable claim to relief.

The decree is affirmed with costs.

The other Justices concurred.